FILED
SUPERIOR COURT
OF GUAM

2018 FEB 22 PM 1:43

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM,<br><br>vs.<br><br>ROBERT LEE PATTERSON III,<br><br>Defendant. | Superior Court Case No. <u>CF0109-17</u><br><br>**DECISION AND ORDER**<br>**re**<br>**GRE 413 EVIDENCE** |

In anticipation of Defendant Robert Lee Patterson III's trial on charges of First Degree Criminal Sexual Conduct, the People filed two notices of their intent to present evidence under Guam Rule of Evidence 413.[1] Patterson opposed the Notices, and the Court heard arguments at the February 16, 2018 Pretrial Conference.[2] Having considered the parties' arguments and applicable law, the Court hereby GRANTS the admission of GRE 413 evidence.

### I. FACTUAL AND PROCEDURAL BACKGROUND

The Grand Jury indicted Patterson with three counts of First Degree Criminal Sexual Conduct (as a First Degree Felony). The Indictment alleges Patterson engaged in sexual penetration, via cunnilingus, sexual intercourse and fellatio, with his 17 year-old step-daughter, J.R.B. Indictment (Mar. 9, 2017).

The People filed two notices of their intention to admit evidence of Patterson's prior

---

[1] Although the People filed notices, the Court presumes the filing to constitute a Motion to admit GRE 413 evidence at trial and handles the matter as such.
[2] Attorney Terrence Timblin represents Patterson; Assistant Attorney General Christine Tenorio represents the People of Guam.

## ORIGINAL

criminal sexual conduct conviction. Each notice seeks to include Patterson's guilty plea to two counts of Second Degree Criminal Sexual Conduct (as a First Degree Felony), committed against J.R.B.'s older sisters, T.B. and D.B. People's Not. GRE 413 Evid. (Aug. 10, 2017); People's Second Not. of GRE 413 Evid. (Aug. 22, 2017) ("NOTICES").[3] In that prior case, Patterson pled guilty to touching D.B.'s and T.B.'s vaginas. *People v. Patterson,* CF0276-10 (Plea Agreement at 2-3 (Apr. 5, 2012)). On the date of the crimes, T.B. and D.B. were 13 and 14 years old, respectively. *Id.* (J. at 2 (June 6, 2012). The People contend such convictions are highly similar and relevant to this case, where Patterson is again charged with criminal sexual conduct against his minor step-daughter, J.R.B., who also resides in his household.

In opposition, Patterson argues that the conviction lacks relevance since seven years[4] have passed and that the evidence will amount to a re-litigation of CV276-10. Opp'n at 3 (Sept. 1, 2017). Patterson also contends that such evidence is highly prejudicial, and outweighs any probative value, especially given that Patterson has already served his sentence. *Id.*

## II. LAW & DISCUSSION

### A. Guam Rule of Evidence 413

Rule 413(a) governs the admission of prior acts in a criminal sexual conduct case:

> In a criminal case in which the defendant is accused of an offense of criminal sexual conduct, evidence of the defendant's commission of another offense or offenses of criminal sexual conduct is admissible, and *may be considered for its bearing on any matter to which it is relevant.*

GRE 413(a) (emphasis added).

Relevant evidence has "a tendency to make the existence of any fact that is of

---

[3] The People's Notices are identical in language and argument besides the name of the victim. Thus, the Court refers to them simultaneously as "Notices".

[4] Although Patterson's calculation of seven years is correct as of the date the Opposition was filed, the Court notes that about eight years have lapsed since the factual events of CF0276-10 occurred in 2010.

ORIGINAL

consequence to the determination of the action more probable or less probable than it would be without the evidence." 6 GCA § 401. "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." GRE 403. However, the rule is not "a blank check entitling the government to introduce whatever evidence it wishes, no matter how minimally relevant and potentially devastating to the defendant." *People v. Lemay*, 260 F.3d 1018, 1022 (9th Cir. 2001) (addressing analysis of FRE 414); *U.S. v. Redlightning*, 624 F.3d 1090 (9th Cir. 2010) (applying *Lemay* to FRE 413)).

### B. Analysis: Applicability of GRE 413 Factors to Patterson

#### 1. Threshold Test of Applicability

In *Guam v. Chinel*, 2013 Guam 24 ¶ 25, the Supreme Court of Guam adopted the federal three-part test for reviewing Rule 413 issues. "First, the defendant in the present case must be accused of sexual assault." *Id.* "Second, the evidence proffered must be evidence of the defendant's commission of another past act of sexual assault." *Id.* "Third, the past act must be relevant, meaning that its existence must make any fact at issue more or less probable than if such evidence were excluded." *Id.*

Here, the People satisfy all three threshold requirements. First, Patterson faces three counts of First Degree Criminal Sexual Conduct for allegedly penetrating his minor step-daughter via cunnilingus, sexual intercourse and fellatio. These are accusations of sexual assault. Second, the evidence proffered concerns Patterson's prior sexual assault convictions: two counts of Second Degree Sexual Conduct (as a First Degree Felony) for touching the vagina of T.B. and touching the vagina of D.B. with his penis. Patterson pled guilty to both of these criminal sexual crimes.

ORIGINAL

Third, the existence of the past sexual acts involving Patterson's minor step-daughters makes the current allegation of sexual conduct with his other minor step-daughter, more probable. For this prong, "evidence that a person committed a past act similar to the one charged is usually probative of their likelihood to have committed the charged act." *Chinel,* 2013 Guam 24 ¶ 28. In Patterson's past criminal conviction, Patterson was well aware the victims were minors because they were his step-daughters who resided with him and their biological mother. This is highly relevant and probative of his likelihood to have committed the current alleged criminal sexual conduct against his younger step-daughter, J.R.B., who also resides with him and her biological mother. Therefore, the prior conviction has probative value.

### 2. Weighing of Probative Value Over Prejudicial Effect Based on Factors

Despite having met the required threshold inquiry, the Court must conduct a Rule 403 to determine whether the prejudicial value of the evidence outweighs its probative value. The Supreme Court of Guam instructs the Court to consider:

> (1) the similarity of the prior acts to the acts charged;
> (2) the closeness in time of the prior acts to the acts charged;
> (3) the frequency of the prior acts;
> (4) the presence or lack of intervening circumstances; and
> (5) the necessity of the evidence beyond the testimonies already offered at trial.

*Id.* ¶ 36 (citing *U.S. v. Lemay,* 260 F.3d 1018, 1028 (9th Cir. 2001)). "[T]his list of factors is not exhaustive or mandatory, and the trial court retains flexibility to consider such other factors as are relevant to the cases before them." *Chinel,* 2013 Guam 24 ¶ 39. Moreover, the Guam Supreme Court does not "require that in every case the court must specifically address each factor." *Id.*

An analysis of the five factors persuades the Court that the prejudice does not unfairly

ORIGINAL

outweigh the probative value. First, undeniable similarities exist between Patterson's prior acts and the criminal sexual conduct charges here. All charges involve sexual contact with minor females with familial relationships who reside with Patterson. Although the previous convictions involved sexual touching, whereas this case charges Patterson with penetration, the acts remain similar in that they involve family members.

Second, the acts are close in time. The prior sexual acts occurred in 2010, approximately eight years ago. Patterson served time following his guilty plea until his release in April 2016, and therefore did not have access to minors for that period of time. The current allegation against Patterson emerged in February 2017, about 10 months after his release in April 2016. In *Lemay* the court held admitting a sexual assault conviction that occurred twelve years prior was not an abuse of the court's discretion. Therefore, the approximately eight year gap in time between Patterson's prior criminal act and this current allegation is still an acceptable time frame, particularly due to the length of his incarceration.

Third, the Court looks to the frequency of the prior acts. *Chinel* dictates that this factor concerns quantity of prior acts. Patterson's conviction for two criminal sexual conduct acts, followed by three counts of alleged first-degree criminal sexual conduct, meets this frequency factor.

Fourth, the Court examines intervening circumstances. In his motion, Patterson states his completed incarceration at the Department of Corrections serves as an intervening factor, but he presents no law to support this conclusion. The Court is unconvinced. Although Patterson has served his time, that alone is not a basis to exclude any past convictions.

Fifth, the Court reviews the necessity of admitting the prior convictions. The People contend that D.B. and T.B.'s testimonies will show "that similar events occurred to other

ORIGINAL

similarly situated victims" -- specifically, to Patterson's other minor step-daughters who reside with Patterson. Notices at 4. Since Patterson faces charges which involve sexual penetration of his minor step-daughter, J.R.B., the younger sister of D.B. and T.B., the People opine his intention can be gleaned from the prior convictions. The Court agrees that the prior convictions are necessary to prove intent and a pattern of preying on the same type of victim. Based on Patterson's previous convictions, one can infer that Patterson has been aware of his victims' ages because he lives with them. As the People argue, this evidence tends to show that Patterson's conduct was not an accident or misunderstanding but rather his intentional engagement of criminal sexual conduct. Moreover, the prior convictions lay a clear pattern of Patterson's criminal sexual involvement with his minor step-daughters.

### 3. Limiting Prejudice

While Patterson's prior convictions carry some prejudice, such prejudice can be limited. In *Chinel*, the Supreme Court of Guam approved of certain measures to limit the prejudice of Rule 413 evidence. 2013 Guam 24 ¶ 46. In that case, the Clerk of Court, rather than the victim, testified concerning the judgment of conviction and plea agreement. *Id.* The trial court "also gave a limiting instruction, informing the jury that the prior conviction was itself not proof beyond a reasonable doubt of [the Defendant's] guilt in the present case, but went to any matter for which it is relevant." *Id.* at ¶ 47. The trial court admitted the plea agreement alongside the judgment to provide factual information for the jury to consider why the People wanted to admit the evidence and to decide if there are similar facts. *Id.* at ¶ 48. Thus, while evidence of prior convictions is prejudicial, this Court will also limit that prejudicial impact as instructed by *Chinel* including limiting evidence on the prior convictions to the admission of the plea agreements and judgments, provide a limiting instruction, and restrict T.B. and D.B. testimonies



on this subject to confirming they are the victims in CF0276-10, and their relationship to J.R.B.

The People have also represented that T.B. and D.B. were already scheduled to testify in this case based on their interactions with J.R.B. when this criminal sexual conduct allegation first surfaced. The Court believes that the admission of Patterson's prior convictions gives the jury proper context of T.B. and D.B.'s actions and perception when J.R.B. raised this allegation as well as why J.R.B. informed them. Since they will not testify as to the factual details of Patterson's previous conviction, there will not be a re-litigation of the previous conviction.

## III.    CONCLUSION AND ORDER

The Court finds that Patterson's guilty plea and conviction in CF0276-10 is admissible. However, the Court will remain vigilant to ensure that the testimony elicited from T.B. and D.B. does not re-litigate Patterson's prior convictions.

SO ORDERED this 22d day of February 2018.

_____
HON. ELYZE M. IRIARTE
Judge, Superior Court of Guam

SERVICE VIA COURT BOX

I acknowledge that a copy of the original hereto was placed in the court box of: AG, T. Timblin

Date: 2/22/18  Time: 1:45

Deputy Clerk, Superior Court of Guam

ORIGINAL